```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
In re:                                                           :    Chapter 15
                                                                 :
STX PAN OCEAN CO. LTD.,                                          :    Case No. 13-12046 (SCC)
                                                                 :
                Debtor in a Foreign Proceeding                   :
---------------------------------------------------------------- X
```

**ORDER GRANTING RECOGNITION AND RELIEF IN AID
OF A FOREIGN MAIN PROCEEDING PURSUANT TO 11
U.S.C. §§ 105(a), 1517, 1520 AND 1521**

A hearing having been held before the Court on July 10, 2013 (the "Hearing") to consider the Verified Petition and Official Form Petition (collectively, "Petition") commencing this Chapter 15 case and seeking recognition as a "foreign main proceeding" pursuant to Chapter 15 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and other provisional relief in aid of the foreign proceeding pursuant to 11 U.S.C. § 1504 and 1515, by Mr. You Sik Kim and Mr. Chun Il Yu, as the court appointed administrators (the "Petitioners") of STX PAN OCEAN CO. LTD. (the "Company") and its foreign representatives, in the Company's proceeding (the "Korean Bankruptcy Proceeding") under the Korean Debtor Rehabilitation and Bankruptcy Act (as amended, the "DRBA") pending before Korean Bankruptcy Division (the "Korean Bankruptcy Court"); and due and timely notice of the filing of the Chapter 15 petition and the Hearing and Petitioners' intent to rely on the DRBA and related Korean insolvency law having been given pursuant to an order of this Court, dated June 24, 2013, which notice is deemed adequate for all purposes such that no other or further notice thereof need be given; and the Court having considered and reviewed all pleadings and exhibits submitted by the Petitioners in support of the Chapter 15 petition (collectively the "Supporting Documents"); and the Court having considered and reviewed the objections or limited objections

of (i) Bomin Bunker Oil Pte. Ltd. and Oceanconnectmarine Pte. Ltd., (ii) Duferco Shipping S.A. and Duferco Steel Inc., and (iii) World Fuel Services (Singapore) Pte. Ltd. and World Fuel Services Europe Ltd. and "any of their affiliates that provided bunker fuel to STX Pan Ocean Co. Ltd. prior to June 20, 2013" (collectively, the "Objectants"); and no other objection or other response having been filed thereto that has not been overruled or withdrawn or otherwise resolved; and all interested parties having had due and proper notice and an opportunity to be heard; and the Court having heard argument by counsel appearing at the Hearing for Petitioners and Objectants; and after due deliberation and sufficient cause appearing therefore, the Court makes the following findings of fact and conclusions of law:

A.  Pursuant to section 1514 of the Bankruptcy Code, appropriate and timely notice of the filing of the Petition and the Hearing was given by Petitioners; such notice is sufficient for all purposes, and no other or further notice is necessary or required.

B.  No objections or other responses have been filed that have not been overruled, withdrawn or otherwise resolved as provided herein.

C.  All interested parties had an opportunity to be heard at the Hearing.

D.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501.

E.  Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410.

F.  This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(P).

G.  The Petitioners have satisfied the requirements of 11 U.S.C. § 1515 and Fed. R. Bank. Pro. Rule 1007(a)(4) and demonstrated that:

(i)  the Company is subject to a pending foreign proceeding within the

2

meaning of section 101(23) of the Bankruptcy Code;

(ii)    the Korean Bankruptcy Proceeding is pending in Seoul, Korea, the country where the Company's registered and head office and center of main interests is located, and, accordingly, the Korean Bankruptcy Proceeding is a "foreign main proceeding" pursuant to 11 U.S.C. §1502(4) and is entitled to recognition as a foreign main proceeding pursuant to 11 U.S.C. §1517(b)(1);

(iii)   the Petitioners are the foreign representatives of the Company within the meaning of section 101(24) of the Bankruptcy Code;

(iv)    the Chapter 15 case was properly commenced pursuant to sections 1504 and 1515 of the Bankruptcy Code;

(v)     the Chapter 15 Petition satisfies the requirements of section 1515 of the Bankruptcy Code and Petitioners are entitled to all relief provided pursuant to 11 U.S.C. §§1507, 1520, and 1521, without limitation, and as ordered by this Court;

(vi)    the relief granted hereby is necessary and appropriate and in the interests of public and international comity, consistent with the public policy of the United States, warranted pursuant to sections 1507, 1517, 1520 and 1521 of the Bankruptcy Code to avoid irreparable harm, and will not cause hardship to U.S. plaintiffs in litigation against the Company or its Assets(as defined below) or creditors in the United States or other parties in interest that is not outweighed by the benefits of granting that relief; and

(vii)   the interest of the public will be served by this Court's granting the relief requested by the Petitioners, given the "purpose and scope" of Chapter 15, as stated in material part in 11 U.S.C. §1501(a)(4) and (5).

3

**NOW, THEREFORE, IT IS HEREBY:**

1. **ORDERED**, that the proceeding respecting the Company under the DBRA pending before the Korean Bankruptcy Court is granted recognition pursuant to section 1517(a) of the Bankruptcy Code; and it is further

2. **ORDERED**, that the proceeding respecting the Company under the DBRA pending before the Korean Bankruptcy Court is granted recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code; and it is further

3. **ORDERED**, that all relief afforded a foreign main proceeding pursuant to sections 1507 and 1520 of the Bankruptcy Code is granted, and it is further

4. **ORDERED**, that sections 361 and 362 of the Bankruptcy Code apply with respect to the Company and the property of the Company that is within the territorial jurisdiction of the United States, including but not limited to vessels owned, operated or otherwise leased or chartered and bunkers onboard and proceeds thereof as defined in 11 U.S.C. §1502(8), (collectively "Assets"); and it is further

5. **ORDERED**, that consistent with sections 362 and 1520(a)(1) of the Bankruptcy Code, and for the avoidance of doubt, all persons and entities are hereby:

   a) enjoined from (i) securing or executing against any Asset of the Company or (ii) taking any actions to undertake the enforcement in the United States of any judicial, quasi-judicial, administrative or regulatory judgment, assessment or order or arbitration award against Petitioners (in their capacity as foreign representatives of the Company), the Company, or its Assets (except as otherwise provided herein);

   b) enjoined from taking any actions to undertake the commencement or continuation of any action or proceeding in the United States to create, perfect or enforce any

4

lien, setoff or other claim against Petitioners (as above), the Company, or its Assets (except as otherwise provided herein);

  c)  enjoined from taking or continuing any act, in the United States, to create, perfect or enforce a lien or other security interest, set-off or other claim against Petitioners (as above), the Company, or its Assets;

  d)  enjoined from seeking, in the United States, the issuance of or issuing any restraining notice or other process of encumbrance with respect to Petitioners (as above), the Company, or its Assets;

  e)  enjoined from transferring, relinquishing or disposing of any Assets to any person or entity other than Petitioners; and

  f)  notwithstanding the foregoing, any party may (i) advance funds for the preservation or protection of the Company's Assets that are in the custody of a U.S. District Court upon reasonable prior notice to Petitioners' U.S. counsel, subject to any party's right to contest the propriety of such advances, and (ii) send notices to a third party, if such notices are required or permitted under the terms of those parties' agreements concerning such Assets; and it is further

  6.  **ORDERED**, that this Order shall not apply to the M/V BLUE OCEAN or any *in rem* actions or proceedings relating thereto, including, but not limited to, (i) Case No. 13-111 filed in the United States District Court for the Southern District of Texas by Duferco Shipping S.A and Duferco Steel, Inc., and (ii) Case No. 4:13-cv-01700 filed in the United States District Court for the Southern District of Texas by World Fuel Services (Singapore) PTE. LTD; and any such in rem actions or proceedings may proceed whether commenced as of the date hereof or thereafter, including, but not limited to, *in rem* actions commenced after the date hereof by

5

mortgagee banks; and the parties to such *in rem* actions or proceedings may pursue any and all remedies available in such *in rem* actions or proceedings in respect of the M/V BLUE OCEAN; and it is further

7. **ORDERED**, that Objectants' request for protection, pursuant to U.S.C. §§1521 and 1522, as a condition of the recognition, is denied without prejudice; all parties' rights, including the Objectants' rights, to bring a motion before this Court seeking (i) relief from any stay arising under this Order pursuant to sections 362, 1520 or 1521 of the Bankruptcy Code and/or (ii) protection under sections 362, 363, 1521 and 1522 of the Bankruptcy Code are hereby reserved; and it is further

8. **ORDERED**, that for the avoidance of doubt, this Order shall only have effect in respect of the Petitioners, the Company and any Assets of the Company in the territorial jurisdiction of the United States; and it is further

9. **ORDERED**, that this Order shall be served upon all known parties in interest (or their counsel) by United States mail, first class postage prepaid, or by electronic mail, or by overnight delivery service, on or before 5 p.m. on **July 17, 2013**; and upon any other interested party that becomes known to the Petitioners at such time as they are sufficiently identified, by United States mail, first class postage prepaid or by courier or by email within three (3) business days following the time any such party is identified by Petitioners; and it is further

10. **ORDERED**, that service in accordance with this Order shall constitute adequate and sufficient service and notice; and it is further

11. **ORDERED**, that the Chapter 15 Petition and the Supporting Documents shall be made available with the Court Clerk, also electronically to registered court filing system users

6

and will be made available from the Petitioners upon request to their counsel's offices of Blank Rome LLP, 405 Lexington Avenue, New York, New York 10174 (Attn: Jeremy J. O. Harwood, Esq.).

Dated: July 12, 2013
New York, New York

>*/s/ Shelley C. Chapman*
> HONORABLE SHELLEY C. CHAPMAN
> UNITED STATES BANKRUPTCY JUDGE

Issued at 10:05 a.m.